**Petition for Writ of Mandamus Denied and Memorandum Opinion filed June 29, 2023.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-23-00383-CV

_____


## IN RE CAROLYN R. DAWSON, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**434th Judicial District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 20-DCV-279119**

---

## MEMORANDUM OPINION

On May 30, 2023, relator Carolyn R. Dawson filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable J. Christian Becerra, presiding judge of the 434th Judicial District Court of Fort Bend County,

to set aside his March 16, 2023 order denying relator's motion to dissolve or a terminate a protective order.[1]

Relator has not shown that she its entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Bourliot and Spain.

---

[1] Relator's petition is deficient because relator does not attach a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding. *See* Tex. R. App. P. 57(a)(1). Relator previously attempted to appeal from the March 16, 2023 order, but we dismissed her appeal for lack of jurisdiction. *See Dawson v. Pakenham*, No. 14-23-00190-CV, 2023 WL 3115725, at *1 (Tex. App.—Houston [14th Dist.] Apr. 27, 2023, no pet.). However, the clerk's record was filed in the appeal. An appellate court can take judicial notice of its own records and judgments rendered in cases involving the same subject matter and the same or nearly the same parties. *Reynolds v. Quantlab Trading Partners US, LP*, 608 S.W.3d 549, 557 n.3 (Tex. App.—Houston [14th Dist.] 2020, no pet.). We take judicial notice of the record in the appeal. Therefore, we have a record that satisfies Rule Tex. R. App. P. 52.7(a)(1).